UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARY PARKS,

                Plaintiff,          06 Civ. 1364 (DAB)

                                      ADOPTION OF REPORT
       -against-                AND RECOMMENDATION

ABC, INC., MCA/UNIVERSAL, INC. and
VERVE MUSIC GROUP,

                Defendants.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    On February 16, 2007, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") in the above-captioned case. Judge Gorenstein recommends that Plaintiff's claim of copyright infringement be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and that Plaintiff be given leave to replead.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district

1

court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). See also, Vega v. Artuz, No. 97 Civ. 2775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . [such objections] would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (Citations and internal quotation marks omitted). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

For the reasons contained herein, this Court accepts and adopts in part and modifies in part the findings of Magistrate Judge Gorenstein. The Court accepts and adopts the Report to the extent that it recommends dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and gives leave to replead claims against Defendant UMG Recordings, Inc. and Universal Studios, Inc. However, Plaintiff's Copyright Act claim against Defendant ABC Records Inc. is dismissed with prejudice.

2

I. BACKGROUND

The facts in this matter are meticulously detailed in Judge Gorenstein's Report, and will not be fully reiterated here.

On March 2, 2007 Defendant ABC Records, Inc. timely filed Objections to the Report. Defendant ABC objects to the Report on the following bases: (1) a dismissal of the Complaint with leave to replead a copyright claim would be futile; and (2) any claim under the Lanham Act would likewise be futile.

On March 16, 2007, after the deadline for filing objections, the Court received a letter from Plaintiff requesting additional time to respond to the Report. On March 20, 2007, the Court directed Plaintiff to file objections to the Report within 10 business days, specifying that "no further extensions shall be granted." On April 6, 2007, the Court received Plaintiff's objections.[1]

---

[1] The Court has received numerous additional subsequent communications from Plaintiff. On June 4, 2007, the Court received a courtesy copy of a letter Plaintiff addressed to Citadel Investment Group. On July 5, 2007 the Court received courtesy copies of several letters, including one letter addressed to Plaintiff from Mr. Bernard Stollman, one letter addressed to Plaintiff from Mr. Jean-Louis Prat, and one letter written by Plaintiff in response to Mr. Stollman's letter. On October 12, 2007, the Court received an additional letter from Plaintiff requesting that Judge Gorenstein's Report be dismissed and reiterating her opinion that the Report is unfair. Another letter from Plaintiff was received by the Court on January 7, 2008. In this letter, Plaintiff responds to Defendants' statute of limitations defense by asking "How can the, 'Statue of Limitatiom' [sic] be applicable when the defendants knew from the very beginning, (unbeknown to me) that they had conspired together and knew that they were going to commit these crimes." Even if this statement could be construed as an appropriate objection to the Report sounding in legal argument, it is untimely. Moreover, the suggestion that Plaintiff was unaware of Defendants' conduct is inconsistent with facts alleged in Plaintiff's pleadings. For these reasons, the Court does not consider this letter an objection to the Report. Finally, the Court received

Since Plaintiff is proceeding pro se, the Court must consider her submissions liberally, and interpret them to raise the strongest arguments they can suggest. See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F.3d 787, 790 (2d Cir. 1994)). Even construed liberally, Plaintiff's objections amount to conclusory assertions and generalized attacks and objections. When a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also Brown v Peters, 1997 WL 599355, at *7 (N.D.N.Y. Sept. 22, 1997) (where only general objections are filed to a report and recommendation, a court need only review for clear error) (citing cases).

Plaintiff's objections do not pertain to the substance of the Report, and do not set forth any factual or legal bases which address any error by Judge Gorenstein. For example, Plaintiff writes:

> I question the validity of the Honorable Judge, 'Gabriel W. Gorenstein's', [sic] summation and recommendation to, 'DISMISS', my complaint when he confesses that he does not fully understand my complaint because it is so hard to follow. In that case, it is dangerous to give him a case to make an evaluation and a recommendation in that case. No offense intended, but please explain it to me.

---

a letter from Plaintiff on January 9, 2008 which fails to assert any decipherable legal arguments.

4

(Pl.'s Obj. at 2).

In fact, the Court agrees with Judge Gorenstein. Plaintiff's papers are indeed difficult to follow, partly because they consist of myriad letters, contracts, photographic images and documents, each of varying levels of relevance. In addition, the factual history of this case is lengthy and complicated, dating back to 1966. Finally, Plaintiff proceeds pro se; as she herself recognizes in a letter to the Court dated February 28, 2007, she is "inexperience[d] in the field of Law and in the presentation of [her] complaint." See also Anderson v. Coughlin, 700 F.2d 37, 43-44 (2d Cir. 1983) (acknowledging that the complaints of pro se plaintiffs are often inartfully worded).

Nevertheless, both Judge Gorenstein and the Court have carefully and patiently reviewed the record in this case, and have given Plaintiff's pleadings the serious consideration that Plaintiff is due. Even under the lenient standards accorded to pro se submissions, the Court still finds that Plaintiff's objections are entirely without reference to specific factual findings or citation to particular legal principles that counsel against Judge Gorenstein's recommendations. The Court need not, and does not, give de novo consideration to such objections.

5

## II. DISCUSSION

### A. DEFENDANT ABC RECORDS INC. OBJECTIONS

#### 1. Plaintiff's Infringement Claim is Time-Barred

Defendant ABC Records objects to Magistrate Judge Gorenstein's finding that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted with leave to replead (Def.'s Obj. at 1). Defendant ABC Records argues that any amendments to the Complaint would be futile (Def.'s Obj. at 1). Defendant ABC contends that, Plaintiff's Copyright Act infringement claims are time barred by the applicable statute of limitations because ABC Records sold its interest in Plaintiff's works in 1979. (Def.'s Obj. at 3).

Pursuant to 17 U.S.C. 507(b), "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim has accrued." A district court may deny "leave to amend a complaint which even as amended would fail to state a cause of action." S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979); See also, Foman V. Davis, 371 U.S. 178, 182 (1962); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 2003); Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) ("In order to be considered futile, the complaint as amended would fail to

6

withstand a motion to dismiss for failure to state a claim.").

The Court agrees with Defendant ABC Records' objection; given the facts pleaded by Plaintiff, Plaintiff will not be able to overcome the statute of limitations with an Amended Complaint. The Complaint and its attachments indicate that nearly 30 years ago, ABC Records sold all of its interests in the material at issue. As Plaintiff concedes, ABC "sold [her] properties to 'MCA/Universal, Inc.' . . . in the year 1979." (Compl. at 21, unnumbered ¶ 5 of Part 3).

Because ABC Records gave up all interests in the disputed works in 1979, and because there is a three-year statute of limitations on Copyright Act infringement claims, Plaintiff cannot maintain a successful Copyright Act infringement claim against Defendant ABC Records. Accordingly, granting leave to amend the Complaint with respect to a Copyright Act infringement claim against ABC Records, Inc. would be futile.[1]

---

[1] With respect to remaining Defendants, UMG Recordings Inc. and Universal Studios Inc., there is no indication in the Complaint or its attachments that either relinquished interests in the disputed materials after July 21, 2003. Therefore, leave to amend the Complaint to allege a copyright infringement claim against Defendants UMG Recordings, Inc. and Universal Studios, INC. may not be futile. As noted in the Report, to plead properly a claim based on infringement since July 21, 2003, Plaintiff must allege: (1) which specific original work is the subject of the claim, (2) that she owns copyright in the work, (3) that the copyright has been registered in accordance with the statute and (4) by what acts since July 21, 2003 Defendants UMG Recordings Inc. and Universal Studios Inc. infringed the copyright.

7

2. Infringement under the Lanham Act

Defendant also argues that under current law, Plaintiff's claim for copyright infringement cannot be upheld under the Lanham Act, and any claim Plaintiff may have grounded on the Lanham Act should be dismissed with prejudice. To support this argument, Plaintiff cites Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003). In Dastar, the Court held that "the Lanham Act protects only the producer of tangible goods that are offered for sale, and not ... the author of any idea, concept or communication embodied in those goods." Id. at 37. The Defendant's objections are correct to the extent that generally a copyright claim cannot be brought under the Lanham Act.

However, the courts have recognized limited instances when an author of a creative work may be entitled to claim under the Lanham Act. The act prohibits "'reverse passing off,' in which A promotes B's products under A's name." Margo v. Weiss, 1998 WL 2558, at 9 (S.D.N.Y. Jan. 5, 1998), aff'd, 213 F.3d 55 (2nd Cir. 2000). Instances where the plaintiff/author is claiming "reverse passing off" may be a basis for a Lanham Act claim if the plaintiff is able to show the requisite elements. See Santrayll v. Burrel, 1996 WL 134803, at *3 (S.D.N.Y. Mar. 25, 1996) (analyzing songwriters' cause of action under "reverse passing

8

off" doctrine). Plaintiff must establish: "(i) that the work at issue originated with the plaintiff; (ii) that the origin of the work was falsely designated by the defendant; (iii) that the false designation of origin was likely to cause consumer confusion; and (iv) that the plaintiff was harmed by the defendant's false designation of origin." Carell v. The Shubert Organization, Inc., 104 F.Supp.2d 236, 259 (S.D.N.Y. 2000).

If the plaintiff, however, decides to bring a claim under this act, she must "show more than a violation of the author's protected right to credit and profit from a creation… [and] must make a greater showing that the designation of origin was false, was harmful, and stemmed from 'some affirmative act whereby [the defendant] affirmatively represented itself as the owner.'" Carell, 104 F.Supp.2d at 262 (quoting Weber, 63 F.Supp. 2d at 463). This Plaintiff has thus far failed to do.

Judge Gorenstein correctly noted that the Complaint failed to state properly a claim under the Lanham Act. The facts in the record indicate that Mary Parks may be able to show that the works in dispute originated with her. Also, it is possible that Parks may be able to show that the Defendants falsely designated the origin of the works, and that the false designation caused consumer confusion. It may also be possible that Parks may be

9

able to establish the requisite harm resulting from the false designation of origin.

In view of these facts, this Court finds that there was no error or abuse of discretion in allowing the Plaintiff to replead her Lanham Act cause of action. Plaintiff will be held to the showing outlined in Carell to ensure that she is not merely restating her copyright claim. Accordingly, the Court rejects Defendant's objection and adopts Magistrate Gorenstien's findings as to Plaintiff's possible Lanham Act claim. As Judge Gorenstein correctly pointed out, a presumption of laches will attach to any Lanham Act claim of the plaintiff; however, Plaintiff should be granted the opportunity to overcome these hurdles in her Amended Complaint.

The equitable doctrine of laches applies because the Lanham Act does not include a statute of limitations. Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 191 (2d Cir. 1996). Nevertheless, the Second Circuit has held that the six-year statute of limitations applicable to New York state-law fraud claims is an appropriate benchmark for invoking the presumption of laches. Fitzpatrick v. Sony-BMG Music Entertainment, Inc. 2008 WL 84541, *2 (S.D.N.Y. 2008). If a suit is brought within the six-year period, the burden is on the Defendant to prove the defense, but if a suit is brought after the six-year period, the

Plaintiff must prove why it would be inequitable to apply the doctrine of laches. Id. (citations omitted), see also Margaret Wendt Foundation Holdings, Inc. v. Roycroft Associates, No. 01-CV-74C, 2007 WL 3015224 at *6 (W.D.N.Y. 2007). Accordingly, Plaintiff is better served if she is able to plead a Lanham Act claim based on conduct that occurred within the six years before she filed suit.

B. PLAINTIFF'S OWNERSHIP INTEREST IN THE MASTER RECORDINGS

Plaintiff in this action seeks possession of master recordings. (See Compl. at 18, unnumbered ¶ 5, "I want my 'MASTERS,' released to me.".) Section 202 of the Copyright Act of 1976 distinguishes copyright ownership from ownership of master recordings, "Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied." 17 U.S.C. § 202.

In requesting that "masters" be released to her possession, Plaintiff may be attempting to assert a claim based on her ownership of the tangible master recordings, separate from Copyright Act and Lanham Act claims. Such a claim falls outside the scope of federal law and sounds in a state law claim for conversion. Although the Report does not reach arguments regarding the merits of any of Plaintiffs' state-law claims, the

11

Court notes that, at this point, it appears that it would be exceedingly difficult for Plaintiff to allege a proper conversion claim.

As a threshold matter, should Plaintiff amend her Complaint to include a conversion cause of action, she must show a plausible factual basis for the allegation that she owns any of the master recordings at issue in this case. Additionally, to put Defendants on proper notice, an amended Complaint must identify which specific master recordings she seeks to possess. Plaintiff's amendment would also need to overcome the more intransigent statute of limitations hurdle which applies to conversion actions. Under New York law, the three-year statute of limitations on a conversion claim begins to run at the time of conversion, and there is no continuing wrong such that every new act that might constitute conversion would restart the limitations period. Songbyrd, Inc. v. Estate of Grossman, 23 F.Supp.2d 219, 222-23 (N.D.N.Y. 1998). "'The tort of conversion is established when one who owns and has a right to possession of personal property proves that the property is in the unauthorized possession of another who has acted to exclude the rights of the owner.'" Id. at 222 (citing Key Bank of New York v. Grossi, 642 N.Y.S.2d 403, 405 (1996)).

Thus to allege a proper conversion claim, Plaintiff must claim that unauthorized possession of her master recordings began no more than three years before she filed this lawsuit. At this point, Plaintiff's Complaint does not specify whether she ever had master recordings in her possession. If Plaintiff cannot allege that unauthorized possession of specific master recordings began no more than three years before she filed this lawsuit, a conversion claim would fail.

III. CONCLUSION

Plaintiff's remaining objections are either general, or reiterate arguments already submitted to Magistrate Judge Gorenstein. Therefore this Court need only review the remainder of the Report for clear error. Having found no clear error on the record, and having conducted an independent de novo review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Gorenstein dated February 16, 2007, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court to the extent that it recommends dismissal of Plaintiff's claims under

F.R.C.P. 12(b)(6) with leave to replead as to Defendants UMG Recordings Inc. and Universal Studios Inc., and a Lanham Act claim against Defendant ABC Records, Inc.; and is hereby MODIFIED to dismiss the copyright infringement claim against ABC Records Inc. with prejudice.

SO ORDERED

DATED:   New York, New York
         January 2**4**, 2008

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge